UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ALEXANDRIA TIMM, | ) | |
| as Personal Representative of the | ) | |
| ESTATE OF SHEILA ANN TIMM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:25-CV-41-TAV-JEM |
| | ) | |
| WILLIAM ARTHUR TIMM, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Before the Court is plaintiffs' Notice of Acceptance of Offer of Judgment [Doc. 24].

The notice explains that on August 27, 2025, William Timm served plaintiffs with an offer

of judgment pursuant to Federal Rule of Civil Procedure 68, and plaintiffs accepted the

offer of judgment on August 28, 2025 [*Id.*; Docs. 24-1, 24-2].

Rule 68 states that "a party defending against a claim may serve on an opposing

party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R.

Civ. P. 68(a).  If "the opposing party serves written notice accepting the offer, either party

may then file the offer and notice of acceptance, plus proof of service."  *Id.*  Once this

occurs, "[t]he clerk must then enter judgment."  *Id.*  Generally, "entry of a Rule 68

judgment is ministerial rather than discretionary, meaning a district court has no discretion

to do anything but to enter judgment once an offer has been accepted." *Day v. Krystal Co.*,

241 F.R.D. 474, 478 (E.D. Tenn. 2007) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th

Cir. 1991)).

Accordingly, because the parties have completed all that is procedurally required pursuant to Rule 68, the Court will enter judgment in this matter in favor of plaintiffs and against defendant according to the following agreed-upon terms:

1.	To resolve alimony payments owed pursuant to Section 25 of the Martial Dissolution Agreement between William Timm and Sheila Timm (hereafter "the MDA"), William Timm shall resume the monthly alimony payments to the Estate of Sheila Timm. The next payment due is $4,000.00 as it is the 4th of the $4,000.00 payments set out in the MDA. This $4,000.00 payment will be paid no later than September 4, 2025, and William Timm will continue paying the payments as set out in the MDA until the total due is paid in full while still maintaining the option to pre-pay any outstanding balance if William Timm so decides to pay off the obligation early.  The total balance due as of the filing of this Offer of Judgment is $264,000.00.  These payments to the Estate of Sheila Ann Timm.

2.	To resolve all obligations owed under Section 28 of the MDA, William Timm shall pay the sum of $66,554.28 to Alexandria Timm on or before September 15, 2025.

3.	To resolve all obligations owed under Section 28 of the MDA, William Timm shall pay the sum of $23,975.95 to Scott Timm on or before September 15, 2025.

4.	To resolve disputed damages claimed by the Plaintiffs related to William Timm's failure to provide housing under Section 28 of the MDA, $22,000.00 shall be paid to Scott Timm on or before September 15, 2025.

5. To resolve disputed damages claimed by the Plaintiffs related to William Timm's failure to provide housing under Section 28 of the MDA, $35,000.00 shall be paid to Alexandria Timm on or before September 15, 2025.

6. Each party in this case is responsible for his, her, and its own respective attorney's fees.

7. Any court costs associated with this matter shall be paid by William Arthur Timm with bill for costs to be sent c/o of his attorney, Adam M. Priest, at P.O. Box 870, Knoxville, Tennessee 37901 or electronically to apriest@knoxvillelaw.com.

There being no issues remaining for the Court to resolve, this case will be closed. An appropriate judgment order will enter.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3